IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JODI LA COE, | : | 4:14-CV-01818 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, MEHRDAD HADIGHI, and JAMES KALSBEEK, | : : : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

May 5, 2015

Plaintiff, Jodi La Coe ("La Coe"), commenced this action against Defendants, The Pennsylvania State University ("Penn State"), Mehrdad Hadighi ("Hadighi"), and James Kalsbeek ("Kalsbeek") on September 18, 2014. ECF No. 1. Out of the eleven counts set forth in the Complaint, La Coe alleges three counts against Kalsbeek. The first Count against Kalsbeek is for the denial of equal protection in violation of 42 U.S.C. § 1983. The next count is for gender discrimination in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq. The final count is for retaliation in violation of the PHRA.

Kalsbeek promptly filed a motion to dismiss the counts against him for failure to plead a plausible cause of action. ECF No. 10. Shortly thereafter, La Coe timely filed a First Amended Complaint alleging the same causes of actions against Kalsbeek but included additional facts. ECF No. 12. Kalsbeek again filed a motion to dismiss the first amended complaint averring that La Coe failed to plead a plausible cause of action. ECF No. 15. In response, La Coe filed a brief in opposition to Kalsbeek's motion to dismiss. ECF No. 18. Kalsbeek filed a Reply Brief to La Coe's Response. ECF No. 19. La Coe has now filed a Motion for Leave to File a Declaration in opposition to Kalsbeek's Motion to Dismiss. ECF No. 20. For the reasons stated within, the Court will deny La Coe's motion.

## I. FACTUAL BACKGROUND

In 2003, La Coe was hired into the Penn State Architecture Department as a fixed-term instructor. ECF No. 12, 4. Kalsbeek, is a senior tenured faculty member, working in the Penn State Architecture Department. *Id.* at 2.

In 2004, La Coe and Kalsbeek co-taught an architecture studio course for undergraduate majors. *Id.* at 11. La Coe alleges that Kalsbeek "professed his love" for her and sought to become romantically involved with her. *Id.* Further, La Coe alleges that Kalsbeek explained that "by accepting his offer, it would be a good path

for her life to take or words to that effect." *Id.*  La Coe further alleges that Kalsbeek's words and actions suggested that he had power over the terms and conditions of her employment. *Id.*  La Coe alleges that even though she firmly rebuffed his proposal, Kalsbeek persisted in his unwanted advances. *Id.* at 11-13.  La Coe also alleges that Kalsbeek was her "de facto" supervisor because he was the more senior professor and "was in the position to influence the terms and conditions of [her] work assignments and conditions." *Id.*

In 2007, Penn State hired La Coe into the tenure track. *Id.* at 4.  In 2012, Hadighi, the department head and professor, recommended against awarding La Coe tenure.  *Id.* at 4.  On March 1, 2013, Penn State denied La Coe's tenure and promotion application. *Id.*

On August 7, 2013, La Coe filed a Charge of Discrimination with the Equal Employment Opportunity Commissioner ("EEOC") and with the Pennsylvania Human Relations Commissions ("PHRC") against Penn State, alleging discrimination on the basis of gender, age, retaliation, harassment, and the Equal Pay Act. *Id.* at 2-3.

La Coe alleges on or about February 5, 2014, she complained to Hadighi about Kalsbeek's "inappropriate and intimidating behavior toward her" including Kalsbeek's Fall 2013 criticism of La Coe for alerting the University's Environmental and Health Services Office about a suspected asbestos issue. *Id.*  La Coe claims she

was retaliated against for having complained of sexual harassment and sexual discrimination in the Department. *Id.* at 20. La Coe completed the academic year, and her employment with Penn State ended on June 30, 2014. *Id.* at 5.

La Coe's counsel now seeks to "better respond to the factual issued raised by Kalsbeek in both his motions to dismiss and in his reply brief" via a declaration from La Coe. ECF No. 20.

La Coe's declaration, if admitted would add these new factual allegations

- Kalsbeek was the Coordinator of the First Year Studio sequence. As a Coordinator, Kalsbeek managed the other three faculty members who taught the course, including La Coe.

- As part of his Coordinator's duties, Kalsbeek called the weekly meetings and set the agenda for those meetings. During one semester, Kalsbeek stopped communicating with La Coe for no good reason, discontinued the official weekly meetings, and held faculty meetings without informing her.

- Kalsbeek was presented to the students and faculty as the individual in charge of the First Year Studio, and he controlled the budget for the first year studio. During one semester when the Kalsbeek was not communicating with La Coe, he took her

> allotted funds for material purchases and improperly used them for his own needs, which required her to complain to the departmental head.
> 
> • Kalsbeek was La Coe's assigned mentor. When La Coe went on the tenure-track, she twice requested a new mentor because Kalsbeek did not do extensive research and he had harassed her

The above proposed facts would allegedly "reinforce the claims set forth in La Coe's First Amended Complaint that Kalsbeek was able to exercise supervisory control over her. ECF No. 20.

## II. STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, the Court considers only the pleadings and matters of public record. 5A C. Wright and A. Miller, Federal Practice and Procedure § 1357 (1990). ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.") *See also Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646, 649 (9th Cir. 1988). In addition, any written instrument attached to a pleading becomes a part of that pleading and may be

considered when deciding a motion to dismiss. Fed. R. Civ. P. 10(c)("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Rosie v. Bartle*, 871 F.2d 331, 339-40 n.3 (3d Cir. 1989). On the other hand, if:

> [M]atters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ.P. 12(b)

However, many circuit courts including the United States Court of Appeals for the Third Circuit have held that certain narrowly defined types of material may be considered without converting a Rule 12(b)(6) motion to dismiss into one for summary judgment. *Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004). Generally, these exceptions are "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997)(*quoting Shaw v. Digital Equip. Corp.,* 82 F.3d 1194, 1220 (1st Cir. 1996)). Additionally, the Court may also consider indisputable authentic documents that the defendant attaches to their briefings without resulting in a conversion. *Gillis*, 372 F.3d at 223.

**III. DISCUSSION**

La Coe asserts that the proposed declaration supplements the factual averments already in the First Amended Complaint and will emphasize the degree of supervisory authority Kalsbeek had over her. The proposed declaration would therefore provide the Court with details and give context to the facts already incorporated in her First Amended Complaint. ECF No. 20 1-5. Finally, the proposed declaration would better respond to the factual issues raised by Kalsbeek in his motion to dismiss and in his reply brief.

La Coe does not couch this motion in any rule of civil procedure, but cites to cases in which various Courts have permitted the use of affidavits/declarations outside the complaint in order to make a determination on motions to dismiss. Unfortunately, La Coe fails to note the essential distinction between the motions present in those cases and the case at bar. The courts cited by La Coe were ruling on Rule 12(b)(1) motions to dismiss and not the Rule 12(b)(6) motion to dismiss that is currently at issue here.

A Rule 12(b)(1) motion to dismiss allows a court to dismiss for lack of subject matter jurisdiction and enables a defendant "to attack the substance of a complaint's jurisdictional allegations despite its formal sufficiency." *Jones v. AT&T Co.,* 798 F. Supp. 1137, 1140 ( E.D. Pa 1992). Consequently, a Court may consider and weigh evidence outside the pleadings in order to come to a decision on the matter. *Warner*

*Cable Commc'n v. Borough of Schuylkill Haven,* 784 F. Supp. 203, 205 (E.D. Pa 1992). In contrast, a Rule 12 (b)(6) motion tests the legal sufficiency of the complaint's allegations and is limited to the pleadings in the complaint. *Farley v. Eihab Human Serv. Inc.,* No. 3:12 CV 1661, 2013 WL 2278093, at *2 (M.D. Pa 2013) (Munley, J.) ; Fed. R. Civ.P. 12(b)(6). Kalsbeek's motion falls under Rule 12(b)(6) and not Rule 12(b)(1) and limits the Court to the four corners of the complaint absent certain narrow exceptions.

Fed R. Civ. P. 12(b) provides that if on a 12(b)(6) motion, matters outside the pleading are presented to and not excluded by the Court, the motion is converted to a summary judgment motion. The declaration La Coe proposes to submit does not form part of the complaint. It also does not fall into the exception carved out by the Third Circuit as a "document integral to or explicitly relied upon in the complaint" nor does it qualify as a matter of public record. *In re Burlington Coat* 114 F.3d at, 1426 (3d Cir. 1997); *See Sands v. McCormick,* 502 F.3d 263, 268 (3d Cir. 2007)("Generally in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record.") Admitting this declaration would therefore convert this motion to dismiss into a summary judgment motion.

At this juncture, the Court will not convert this motion into one for summary judgment as Kalsbeek argues against the conversion. Kalsbeek argues in his brief that

summary judgment is unnecessary as "the procedural grounds he advances his motions are viable bases for dismissal with prejudice." ECF No. 23, 12. Kalsbeek further contends that expending additional time and resources necessary for a conversion would prove to be improvident. ECF No. 23, 12. Consequently, the Court will deny La Coe's motion for leave to file a declaration in opposition to the motion to dismiss.

Although La Coe did not style this petition as a request to amend her First Amended Complaint, Kalsbeek nevertheless argues that the proposed declaration is a weakly disguised attempt to amend and correct the deficiencies present in her Original and First Amended Complaint. Kalsbeek contends that because the "new" set of facts contained in the declaration predates La Coe's Original Complaint and relate to her employment at the university, La Coe should be denied leave to amend. ECF No. 23, 8.

"Amending a pleading involves entirely replacing the earlier pleading with a new pleading containing matters that occurred prior to the filing of the original pleading." *Inmates of Northumberland Cnty Prison v. Reish,* Civil No. 2008-CV-0345, 2009 WL 8670860, *4 (M.D. Pa. 2009)(Jones, J.) (citing 6A Wright, et al., Federal Practice and Procedure §1504 (3d ed. 2004)). Although the proposed declaration does not replace the earlier pleadings, it does contain matters that predate

the original complaint. As a result, it does not fall squarely into the definition of what is considered to be an amended pleading. Be that as it may, the Court will consider the motion as one for leave to amend as it contains specific factual allegations in support of La Coe's claims against Kalsbeek.

Leave to amend rests in the discretion of the Court and may, when justice so requires, be denied if the Court finds "undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct 227, 9 L.Ed. 2d 222 (1962). The Court cannot say that this proposed declaration would cause undue delay, be inequitable or futile. Furthermore, Kalsbeek has failed to convincingly demonstrate that the proposed declaration would be prejudicial to him or would fail to cure any deficiencies. As a result, the Court concludes that the most prudent course of action is to permit La Coe to file a second amended complaint. Any Second Amended Complaint shall be complete in all respects and include the necessary factual averments.

## IV. CONCLUSION

Plaintiff's motion to file a declaration in opposition to Defendant's motion to

dismiss is denied. Plaintiff is granted leave to file a second amended complaint. In light of this, Defendant's motion to dismiss will be denied as moot. The Plaintiff must file an amended complaint within twenty-one (21) days of the date of the Order which accompanies this memorandum.

                                                            BY THE COURT:

                                                            s/Matthew W. Brann
                                                           Matthew W. Brann
                                                           United States District Judge